**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-4065

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JABORI DIERE JONES, a/k/a Spunk,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Henry M. Herlong, Jr., Senior District Judge.  (6:15-cr-00786-HMH-1)

Submitted:  July 21, 2022                                  Decided:  August 9, 2022

Before MOTZ and AGEE, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

**ON BRIEF:**  Erica M. Soderdahl, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenville, South Carolina, for Appellant.  Corey F. Ellis, United States Attorney, Jamie Lea Schoen, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jabori Diere Jones appeals the eight-month term of imprisonment imposed upon the revocation of his supervised release.  Jones contends that his sentence is plainly unreasonable because the district court failed to address his nonfrivolous mitigation arguments and adequately explain the reasons for the sentence.  We vacate Jones' sentence and remand for resentencing.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Patterson*, 957 F.3d 426, 436 (4th Cir. 2020).  "We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (internal quotation marks omitted).  To determine whether a revocation sentence is plainly unreasonable, we first determine whether the sentence is procedurally or substantively unreasonable, evaluating "the same procedural and substantive considerations that guide our review of original sentences" but taking "a more deferential appellate posture than we do when reviewing original sentences." *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (cleaned up).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *United States v. Coston*, 964 F.3d 289, 297 (4th Cir. 2020) (internal quotation marks omitted); *see* 18 U.S.C. § 3583(e) (listing sentencing factors applicable to revocation proceedings).  "A court need not be as detailed or specific when imposing a revocation sentence as it must be

2

when imposing a post-conviction sentence, but it still must provide a statement of reasons for the sentence imposed." *United States v. Thompson*, 595 F.3d 544, 547 (4th Cir. 2010) (internal quotation marks omitted). In doing so, a district court must, "at a minimum *acknowledge*[] its consideration of nonfrivolous arguments in favor of mitigation." *Patterson*, 957 F.3d at 439; *see United States v. Gibbs*, 897 F.3d 199, 205 (4th Cir. 2018) (noting that district court must demonstrate that it "*considered* any potentially meritorious arguments raised by [the defendant] with regard to his sentencing" (cleaned up)).

Here, the district court generally referenced its obligation to consider the policy statements in Chapter Seven of the United States Sentencing Guidelines Manual and the statutory factors under 18 U.S.C. § 3553(a) and 18 U.S.C. § 3583(e). However, the district court failed to address a majority of Jones' mitigation arguments. *See Patterson*, 957 F.3d at 438-39; *cf. United States v. Ross*, 912 F.3d 740, 745 (4th Cir. 2019) (stating, in context of original sentencing, that "the district court cannot meet its responsibility through broadly referring to the § 3553(a) factors in lieu of addressing the parties' non-frivolous arguments").

We decline the Government's invitation to infer the district court's consideration of Jones' mitigation arguments from the hearing as a whole as the "district court's reasons for" rejecting Jones' arguments are not "clear from context." *See Thompson*, 595 F.3d at 547. The Government places significant weight on two questions the district court asked Jones before imposing the sentence; however, those questions related only to comments Jones made during his allocution, not to any of Jones' various other mitigation arguments. The Government also relies heavily on the district court's remarks that Jones would not

3

comply with supervision even if imposed. Yet, the district court made these remarks after it had already imposed the sentence and only in response to Jones' inquiry about whether an additional term of supervised release would be imposed. Thus, the district court's remarks justified its decision to not impose supervised release, rather than the term of imprisonment the court chose. Therefore, the record provides inadequate assurance that the district court considered the mitigation arguments proffered by Jones and his counsel. The district court's "failure to so much as mention [Jones'] arguments" violated our established minimum procedural requirements and renders the sentence plainly unreasonable. *Patterson*, 957 F.3d at 440; *see Slappy*, 872 F.3d at 210 (explaining that sentence is "plainly unreasonable" when "it runs afoul of clearly settled law" (cleaned up)). And because, on our review of the record, it remains "plausible the court may have imposed a lower sentence" had it expressly considered Jones' mitigation arguments, we conclude that the error is not harmless. *Patterson*, 957 F.3d at 440.

Accordingly, we vacate Jones' sentence and remand for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process. The mandate shall issue forthwith so that resentencing may proceed without delay.

*VACATED AND REMANDED*